BOYD, Justice
(dissenting) :
Respectfully, I must dissent to the majority opinion.
Section 6 of Article V, Subsection (3), F.S.A. prescribes the jurisdiction of the circuit courts and authorizes the Legislature to create subordinate courts to exercise specific jurisdiction originally vested in the circuit court:
“Jurisdiction. The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on juvenile courts, in all cases at law not cognizable by subordinate courts, in all cases involving the legality of any tax, assessment, or toll, in the action of ejectment, in all actions involving the titles or boundaries of real estate, and in all criminal cases not cognizable by subordinate courts. They shall have original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ *625 courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certio-rari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction.
“The circuit courts and circuit judges shall have such extraterritorial jurisdiction in chancery cases as may be prescribed by law.”
The circuit courts shall have exclusive original jurisdiction in all cases at law not cognizable by subordinate courts — and in all criminal cases not cognizable by subordinate courts — and such other matters as the Legislature may provide.
Relying upon the above provision of the Constitution, the Legislature enacted Chapter 71-1 (B), which is in pertinent part as follows:
“Section 2. (1) Under the procedures specified herein, the circuit courts of this state shall have concurrent jurisdiction in the trial of felony cases with that of any court of record, in judicial circuits wherein a court of record exists pursuant to powers vested in the legislature.”
It seems the people, through the Constitution, authorized the Legislature to create subordinate courts to exercise certain duties originally done by the circuit courts. Since the Legislature creates these subordinate courts and prescribes their jurisdiction and relationship to circuit courts, it is likewise the constitutional intent that the Legislature should determine whether circuit judges can be assigned to serve in such lower courts.
The rule-making power of this Court should not be invoked to solve a problem which is primarily a legislative function.